**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **SEMCON TECH, LLC,**<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>**GLOBALFOUNDRIES U.S. INC., and GLOBALFOUNDRIES AMERICAS, INC.**<br><br>　　　Defendants. | Civil Action No. _____<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Semcon Tech, LLC makes the following allegations against Defendants GlobalFoundries U.S. Inc. and GlobalFoundries Americas, Inc. (together, "Defendants"):

**PARTIES**

1.　Plaintiff Semcon Tech, LLC ("Semcon") is a Texas limited liability company having a principal place of business at 719 W. Front Street, Suite 242, Tyler, Texas 75702.

2.　On information and belief, Defendant GlobalFoundries U.S. Inc. is a Delaware corporation with its principal place of business at 840 N. McCarthy Blvd., Milpitas, California 95035.  On information and belief, GlobalFoundries U.S. Inc. can be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.　On information and belief, Defendant GlobalFoundries Americas, Inc. is a Delaware corporation with its principal place of business at 840 N. McCarthy Blvd., Milpitas, California 95035.  On information and belief, GlobalFoundries Americas, Inc. can be served

through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. On information and belief Defendant GlobalFoundries U.S. Inc. and Defendant GlobalFoundries Americas, Inc. are related corporate entities.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due to having availed themselves of the rights and benefits of Delaware by incorporating under Delaware law and due to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Defendants are incorporated in this District, and on information and belief, have transacted business in this district and has committed and/or induced acts of patent infringement in this District.

## DEFENDANTS' ACTIVITIES

8. Defendants make, use, sell, offer for sale, and/or import into the United States integrated circuits. Defendants, alone and/or in conjunction with their corporate affiliates,

fabricate integrated circuits in the United States and overseas, including Dresden, Germany; Singapore; and Saratoga County, New York.

9. At least some of the integrated circuits made, used, sold, offered for sale, and/or imported into the United States by Defendants are fabricated using, in part, a process known as chemical-mechanical polishing ("CMP").

10. On information and belief, Defendants sell, offer for sale, and/or import into the United States integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Germany using, in part, CMP.

11. On information and belief, Defendants make, use, sell, offer for sale, and/or import into the United States integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in the United States using, in part, CMP.

12. On information and belief, Defendants sell, offer for sale, and/or import into the United States integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Singapore using, in part, CMP.

13. On information and belief, Defendants have sold and continue to sell and/or offer for sale integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Singapore using, in part, CMP to customers based in the United States.  Such customers include, without limitation, International Business Machines Corporation ("IBM"), Texas Instruments Incorporated ("TI"), Qualcomm Incorporated ("Qualcomm"), Qualcomm Atheros, Inc. ("Atheros"), and/or Freescale Semiconductor, Inc. ("Freescale").

14. On information and belief, Defendants sell, offer for sale, and/or import into the United States integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Germany using, in part, CMP with a fixed abrasive pad.

15. On information and belief, Defendants make, use, sell, offer for sale, and/or import into the United States integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in the United States using, in part, CMP with a fixed abrasive pad.

16. On information and belief, Defendants sell, offer for sale, and/or import into the United States integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Singapore using, in part, CMP with a fixed abrasive pad.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,156,717

17. Plaintiff Semcon realleges and incorporates by reference paragraphs 1-16 above, as if fully set forth herein.

18. Plaintiff Semcon is the owner by assignment of United States Patent No. 7,156,717 ("the '717 Patent") titled "[In] Situ Finishing Aid Control." The '717 Patent was duly and legally issued by the United States Patent and Trademark Office on January 2, 2007. A true and correct copy of the '717 Patent is included as Exhibit A.

19. On information and belief, Defendants infringed and continue to infringe the '717 Patent by, among other things, making, using, offering for sale, selling and/or importing into the United States integrated circuits made by a process patented under the '717 Patent. Such integrated circuits include, by way of example and without limitation, integrated circuits fabricated using, in part, CMP through a process covered by one or more claims of the '717 Patent, including but not limited to claim 1. By making, using, offering for sale, selling and/or importing into the United States integrated circuits made by a process patented under the '717 Patent, Defendants have injured Semcon and are liable to Semcon for infringement of the '717 Patent pursuant to 35 U.S.C. § 271.

20. On information and belief, Defendants have sold and continue to sell and/or offer for sale to Qualcomm integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Singapore using, in part, CMP.

21. On information and belief, Qualcomm uses, offers for sale, sells, and/or imports into the United States integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Singapore using, in part, CMP.

22. On information and belief, Defendants knew on or soon after March 1, 2012 that Qualcomm's use, offer for sale, sale, and/or importation into the United States of said integrated circuits constitute infringement of the '717 patent. On information and belief, Defendants had such knowledge, at least in part, by notice of the Complaint for Patent Infringement (D.I. 1) filed on March 1, 2012 in *Semcon Tech, LLC v. Qualcomm Incorporated*, C.A. No. 12-251-RGA (D. Del.).

23. On information and belief, Defendants have sold and continue to sell and/or offer for sale to Atheros integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Singapore using, in part, CMP.

24. On information and belief, Atheros uses, offers for sale, sells, and/or imports into the United States integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Singapore using, in part, CMP.

25. On information and belief, Defendants knew on or soon after March 9, 2012 that Atheros's use, offer for sale, sale, and/or importation into the United States of said integrated circuits constitute infringement of the '717 Patent. On information and belief, Defendants had such knowledge, at least in part, by notice of the First Amended Complaint for Patent

Infringement (D.I. 5) filed on March 9, 2012 in *Semcon Tech, LLC v. Qualcomm Incorporated*, C.A. No. 12-251-RGA (D. Del.).

26. On information and belief, Defendants have sold and continue to sell and/or offer for sale to Freescale integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Singapore using, in part, CMP.

27. On information and belief, Freescale uses, offers for sale, sells, and/or imports into the United States integrated circuits fabricated by Defendants and/or Defendants' corporate affiliates in Singapore using, in part, CMP.

28. On information and belief, Defendants knew on or soon after April 13, 2012 that Freescale's use, offer for sale, sale, and/or importation into the United States of said integrated circuits constitute infringement of the '717 Patent. On information and belief, Defendants had such knowledge, at least in party, by notice of the Complaint for Patent Infringement (D.I. 1) filed on April 13, 2012 in *Semcon Tech, LLC v. Freescale Semiconductor, Inc.*, C.A. No. 12-470-RGA (D. Del.).

29. Defendants specifically intended and intend their customers, including but not limited to Qualcomm, Atheros, and Freescale, to infringe the '717 Patent. Defendants knew and know that their customers' use, offer for sale, sale, and/or importation into the United States of integrated circuits made by Defendants and/or Defendants' corporate affiliates in Singapore using, in part, CMP constitute infringement of the '717 Patent. To the extent Defendants lacked any such knowledge, it was due to willful blindness to notice provided by the filing, existence of, and circumstances surrounding *Semcon Tech, LLC v. Qualcomm Incorporated*, C.A. No. 12-251-RGA (D. Del.) and/or *Semcon Tech, LLC v. Freescale Semiconductor, Inc.*, C.A. No. 12-470-

RGA (D. Del.).  Accordingly, Defendants have induced infringement of the '717 Patent, including but not limited to claim 1.

30.     As a result of Defendants' infringement of the '717 Patent, Plaintiff Semcon has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

31.     Despite knowledge of the '717 Patent, Defendants continued and still continue to infringe the '717 Patent.  Defendants' infringement was and is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and to reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,551,933

32.     Plaintiff Semcon realleges and incorporates by reference paragraphs 1-31 above, as if fully set forth herein.

33.     Plaintiff Semcon is the owner by assignment of United States Patent No. 6,551,933 ("the '933 Patent") titled "Abrasive Finishing with Lubricant and Tracking."  The '933 Patent was duly and legally issued by the United States Patent and Trademark Office on April 22, 2003.  A true and correct copy of the '933 Patent is included as Exhibit B.

34.     On information and belief, Defendants infringed and continue to infringe the '933 patent by, among other things, making, using, offering for sale, selling and/or importing into the United States integrated circuits made by a process patented under the '933 patent.  Such integrated circuits include, by way of example and without limitation, integrated circuits fabricated using, in part, CMP with a fixed abrasive pad, including but not limited to claim 14.  By making, using, offering for sale, selling and/or importing into the United States integrated

7

circuits made by a process patented under the '933 patent, Defendants have injured Semcon and are liable to Semcon for infringement of the '933 patent pursuant to 35 U.S.C. § 271.

35. As a result of Defendants' infringement of the '933 patent, Plaintiff Semcon has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Semcon respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '717 patent and the '933 patent;

b. A judgment in favor of Plaintiff that Defendants have induced infringement of the '717 patent;

c. A judgment in favor of Plaintiff that Defendants have willfully infringed the '717 patent, and an award of enhanced damages pursuant to 35 U.S.C. § 284;

d. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '717 patent and the '933 patent as provided under 35 U.S.C. § 284; and

e. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

| | |
|---|---|
| Dated: August 7, 2012 | BAYARD, P.A. |
| OF COUNSEL | /s/ Richard D. Kirk |
| | Richard D. Kirk (rk0922) |
| Charles R. Bruton | Stephen B. Brauerman (sb4952) |
| Mark L. Hogge | 222 Delaware Avenue, Suite 900 |
| Shailendra K. Maheshwari | P.O. Box 25130 |
| Rajesh C. Noronha | Wilmington, DE  19899 |
| SNR DENTON US, LLP | rkirk@bayardlaw.com |
| 1301 K Street, NW | sbrauerman@bayardlaw.com |
| Suite 600, East Tower | (302) 655-5000 |
| Washington, DC  20005-3364 | |
| charles.bruton@snrdenton.com | ***ATTORNEYS FOR PLAINTIFF*** |
| mark.hogge@snrdenton.com | ***SEMCON TECH, LLC*** |
| shailendra.maheshwari@snrdenton.com | |
| rajesh.noronha@snrdenton.com | |
| | |
| C. Michael Moore | |
| SNR DENTON US, LLP | |
| 2000 McKinney Ave., Suite 1900 | |
| Dallas, Texas 75201 | |
| mike.moore@snrdenton.com | |