IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEMCON TECH, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-1021 (RGA) |
| ) | |
| GLOBALFOUNDRIES U.S. INC., and ) | **JURY TRIAL DEMANDED** |
| GLOBALFOUNDRIES AMERICAS, INC., ) | |
| ) | |
| Defendants. ) | |

### ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT ON BEHALF OF GLOBALFOUNDRIES U.S., INC. AND GLOBALFOUNDRIES AMERICAS, INC.

Defendant and Counterclaim Plaintiff GLOBALFOUNDRIES U.S., Inc.[1] ("GLOBALFOUNDRIES U.S.") by and through the undersigned counsel, answers the Complaint for Patent Infringement of Plaintiff Semcon Tech LLC ("Semcon") as follows:

### PARTIES

1. GLOBALFOUNDRIES U.S. lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1, and on that basis denies them.

2. GLOBALFOUNDRIES U.S. admits the allegations in Paragraph 2.

3. On December 31, 2011, GLOBALFOUNDRIES Americas was merged into GLOBALFOUNDRIES U.S., and on that basis denies that the Complaint was properly served upon it.

---

[1] On December 31, 2011, GLOBALFOUNDRIES Americas, Inc. ("GLOBALFOUNDRIES Americas") was merged into GLOBALFOUNDRIES U.S., and on that basis, GLOBALFOUNDRIES U.S. and GLOBALFOUNDRIES Americas are now a single corporate entity. GLOBALFOUNDRIES U.S. will answer the allegations in the Complaint on behalf of that merged entity.

4. On December 31, 2011, GLOBALFOUNDRIES Americas was merged into GLOBALFOUNDRIES U.S., and on that basis, GLOBALFOUNDRIES U.S. and GLOBALFOUNDRIES Americas are now a single corporate entity. Except as otherwise admitted, denied.

## JURISDICTION AND VENUE

5. GLOBALFOUNDRIES U.S. admits that Semcon's action purports to arise under the patent laws of the United States, Title 35 of the United States Code.

6. GLOBALFOUNDRIES U.S. consents to personal jurisdiction solely for the purpose of this lawsuit. Except as expressly admitted, denied.

7. GLOBALFOUNDRIES U.S. does not contest, solely for the purpose of this lawsuit, that venue is proper in this judicial district. Except as expressly admitted, denied.

## DEFENDANTS' ACTIVITIES

8. GLOBALFOUNDRIES U.S. admits that it makes, offers for sale, and sells integrated circuits. GLOBALFOUNDRIES U.S. admits that it fabricates integrated circuits in the United States, including in Saratoga County, New York. Except as expressly admitted, denied.

9. GLOBALFOUNDRIES U.S. admits that at least some of the integrated circuits made, sold, or offered for sale by GLOBALFOUNDRIES U.S. are fabricated using, in part, CMP. Except as expressly admitted, denied.

10. GLOBALFOUNDRIES U.S. admits that it has sold and offered for sale integrated circuits fabricated by one or more of its corporate affiliates in Germany using, in part, CMP. Except as expressly admitted, denied.

11. GLOBALFOUNDRIES U.S. admits that it makes integrated circuits in the United States using, in part, CMP. Except as expressly admitted, denied.

12. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 12.

13. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 13.

14. GLOBALFOUNDRIES U.S. objects to the use of the term "using, in part, CMP with a fixed abrasive pad," as this phrase is vague and ambiguous. GLOBALFOUNDRIES U.S. admits that it has sold and offered for sale integrated circuits fabricated by one or more of its corporate affiliates in Germany using, in part, CMP. Except as expressly admitted, denied.

15. GLOBALFOUNDRIES U.S. objects to the use of the term "using, in part, CMP with a fixed abrasive pad," as this phrase is vague and ambiguous. GLOBALFOUNDRIES U.S. admits that it makes integrated circuits in the United States using, in part, CMP. Except as expressly admitted, denied.

16. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 16.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,156,717

17. GLOBALFOUNDRIES U.S. realleges its responses in paragraphs 1 through 16 above as though fully set forth in this paragraph.

18. GLOBALFOUNDRIES U.S. admits that U.S. Patent. No. 7,156,717 ("the '717 patent"), states on its face that it was issued on January 2, 2007 and that it is entitled "[In] Situ Finishing Aid Control." GLOBALFOUNDRIES U.S. denies that the '717 patent was duly and legally issued by the U.S. Patent and Trademark Office. GLOBALFOUNDRIES U.S. lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

19. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 19.

20. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 20.

21. GLOBALFOUNDRIES U.S. admits that Qualcomm sells or imports into the United States integrated circuits fabricated by one or more of its corporate affiliates in Singapore using, in part, CMP. GLOBALFOUNDRIES U.S. denies that GLOBALFOUNDRIES U.S. makes integrated circuits for Qualcomm. Except as expressly admitted, denied.

22. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 22.

23. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 23.

24. GLOBALFOUNDRIES U.S. admits that Atheros sells, or imports into the United States integrated circuits fabricated by one or more of its corporate affiliates in Singapore using, in part, CMP. GLOBALFOUNDRIES U.S. denies that GLOBALFOUNDRIES U.S. makes integrated circuits for Atheros. Except as expressly admitted, denied.

25. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 25.

26. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 26.

27. GLOBALFOUNDRIES U.S. admits that Freescale sells or imports into the United States integrated circuits fabricated by one or more of its corporate affiliates in Singapore using, in part, CMP. GLOBALFOUNDRIES U.S. denies that GLOBALFOUNDRIES U.S. makes integrated circuits for Freescale. Except as expressly admitted, denied.

28. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 28.

29. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 29.

30. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 30.

31. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 31.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,551,933

32. GLOBALFOUNDRIES U.S. realleges its responses in paragraphs 1 through 31 above as though fully set forth in this paragraph.

33. GLOBALFOUNDRIES U.S. admits that U.S. Patent. No. 6,551,933 ("the '933 patent"), states on its face that it was issued on April 22, 2003 and that it is entitled "Abrasive Finishing with Lubricant and Tracking." GLOBALFOUNDRIES U.S. denies that the '933 patent was duly and legally issued by the U.S. Patent and Trademark Office. GLOBALFOUNDRIES U.S. lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

34. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 34.

35. GLOBALFOUNDRIES U.S. denies the allegations in Paragraph 35.

## DEFENSES

36. GLOBALFOUNDRIES U.S., without waiver, limitation, or prejudice, and expressly reserving the right to allege additional defenses as they become known through the course of discovery, hereby asserts the following defenses:

## FIRST DEFENSE
(Noninfringement)

37. GLOBALFOUNDRIES U.S. has not infringed and is not infringing any valid claim of the '717 patent literally or under the doctrine of equivalents.

38. GLOBALFOUNDRIES U.S. has not infringed and is not infringing any valid claim of the '933 patent literally or under the doctrine of equivalents.

## SECOND DEFENSE
(Invalidity)

39. The claims of the '717 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, Sections 102, 103 and/or 112.

40. The claims of the '933 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, Sections 102, 103 and/or 112.

## THIRD DEFENSE
(Failure to State a Claim)

41. Semcon's Complaint for Patent Infringement fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE
(Laches)

42. Semcon's claims are barred in whole or in part by the doctrine of laches.

## FIFTH DEFENSE
(Notice)

43. To the extent Semcon seeks damages for alleged infringement prior to its giving actual or constructive notice of the '717 patent, the relief sought by Semcon is barred by 35 U.S.C. § 287.

44. To the extent Semcon seeks damages for alleged infringement prior to its giving actual or constructive notice of the '933 patent, the relief sought by Semcon is barred by 35 U.S.C. § 287.

## SIXTH DEFENSE
(Government Contractor)

45. Plaintiff's infringement allegations are barred to the extent that they are based upon alleged infringing use or manufacture by or for the United States government pursuant to 28 U.S.C. § 1498(a).

## COUNTERCLAIMS

1. GLOBALFOUNDRIES U.S. alleges its Counterclaims for Declaratory Relief against Semcon as follows:

## PARTIES

2. Plaintiff Semcon has alleged in its Complaint that it a Texas limited liability company having a principal place of business at 719 W. Front Street, Suite 242, Tyler, Texas 75702.

3. Counterclaim-Plaintiff GLOBALFOUNDRIES U.S. Inc. is a Delaware corporation having its principal place of business at 840 N. McCarthy Blvd., Milpitas, California 95035.

## JURISDICTION AND VENUE

4. GLOBALFOUNDRIES U.S.' counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has specific and general personal jurisdiction over Semcon.

6. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c).

7. An actual, justiciable controversy exists between GLOBALFOUNDRIES U.S. and Semcon concerning the infringement and validity of the claims of the '717 patent. Semcon, by its Complaint for Patent Infringement, has asserted that GLOBALFOUNDRIES

U.S. has infringed and is infringing one or more claims of the '717 patent. GLOBALFOUNDRIES U.S. asserts that it has not infringed and is not infringing any claims of the '717 patent. GLOBALFOUNDRIES U.S. asserts that the claims of the '717 patent are invalid. Absent a declaration of non-infringement and/or invalidity, Counterclaim Defendant Semcon will continue to wrongfully assert the '717 patent against GLOBALFOUNDRIES U.S., and thereby cause it irreparable injury and damage.

8. An actual, justiciable controversy exists between GLOBALFOUNDRIES U.S. and Semcon concerning the infringement and validity of the claims of the '933 patent. Semcon, by its Complaint for Patent Infringement, has asserted that GLOBALFOUNDRIES U.S. has infringed and is infringing one or more claims of the '933 patent. GLOBALFOUNDRIES U.S. asserts that it has not infringed and is not infringing any claims of the '933 patent. GLOBALFOUNDRIES U.S. asserts that the claims of the '933 patent are invalid. Absent a declaration of non-infringement and/or invalidity, Counterclaim Defendant Semcon will continue to wrongfully assert the '933 patent against GLOBALFOUNDRIES U.S., and thereby cause it irreparable injury and damage.

COUNTERCLAIM I
(Declaration of Invalidity and Noninfringement
of U.S. Patent No. 7,156,717)

9. GLOBALFOUNDRIES U.S. realleges and incorporates by reference each and every allegation contained in paragraphs 1-9 of its Counterclaims as though fully set forth herein.

10. GLOBALFOUNDRIES U.S. has not infringed and is not infringing any valid claim of the '717 Patent, literally or under the doctrine of equivalents.

11. The claims of the '717 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 102, 103, and/or 112.

12. GLOBALFOUNDRIES U.S. is entitled to judgment that the claims of the '717 Patent are invalid and not infringed by GLOBALFOUNDRIES U.S.

COUNTERCLAIM II
(Declaration of Invalidity and Noninfringement
of U.S. Patent No. 6,551,933)

13. GLOBALFOUNDRIES U.S. realleges and incorporate by reference each and every allegation contained in paragraphs 1-13 of their Counterclaims as though fully set forth herein.

14. GLOBALFOUNDRIES U.S. has not infringed and is not infringing any valid claim of the '933 Patent, literally or under the doctrine of equivalents.

15. The claims of the '933 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including without limitation, Sections 102, 103, and/or 112.

16. GLOBALFOUNDRIES U.S. is entitled to judgment that the claims of the '933 Patent are invalid and not infringed by GLOBALFOUNDRIES U.S.

DEMAND FOR RELIEF

WHEREFORE, GLOBALFOUNDRIES U.S. demands:

A. That Semcon's Complaint for Patent Infringement be dismissed with prejudice and that Semcon take nothing;

B. That the Court enter judgment in favor of GLOBALFOUNDRIES U.S. and against Semcon on all claims in Semcon's Complaint for Patent Infringement;

  C. That the Court enter judgment in favor of GLOBALFOUNDRIES U.S. on each of its Counterclaims against Semcon;

  D. That GLOBALFOUNDRIES U.S. be found not to have infringed the claims of the '717 patent;

  E. That the claims of the '717 patent be declared to be invalid;

  F. That GLOBALFOUNDRIES U.S. be found not to have infringed the claims of the '933 patent;

  G. That the claims of '933 patent be declared to be invalid;

  H. That this case be declared an exceptional case;

  I. That GLOBALFOUNDRIES U.S. be awarded its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

  J. That GLOBALFOUNDRIES U.S. be awarded such other relief as this Court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Counterclaim Plaintiff GLOBALFOUNDRIES U.S. hereby demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Douglas E. Lumish<br>KASOWITZ BENSON TORRES<br>  & FRIEDMAN LLP<br>333 Twin Dolphin Drive<br>Suite 200<br>Redwood Shores, CA 94065<br>(650) 453-5170<br><br>Michael B. Eisenberg<br>Robert P. Watkins III<br>KASOWITZ BENSON TORRES<br>  & FRIEDMAN LLP<br>1633 Broadway<br>New York, NY 10019<br>(212) 506-1700<br><br>September 19, 2012 | MORRIS, NICHOLS, ARSHT &TUNNELL LLP<br><br>*/s/ Jack B. Blumenfeld*<br><br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br><br>*Attorneys for Defendant and Counterclaim-Plaintiff GLOBALFOUNDRIES U.S. Inc.* |

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 19, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>Vanessa R. Tiradentes, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Charles R. Bruton, Esquire<br>Mark L. Hogge, Esquire<br>Shailendra K. Maheshwari, Esquire<br>Rajesh C. Noronha, Esquire<br>SNR DENTON US LLP<br>1301 K Street, NW<br>Suite 600, East Tower<br>Washington, DC 20005-3364 | *VIA ELECTRONIC MAIL* |

_/s/ Jack B. Blumenfeld_
Jack B. Blumenfeld (#1014)