IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEMCON TECH, LLC,<br><br>   Plaintiff,<br><br>           v.<br><br>GLOBALFOUNDRIES U.S. INC. and<br>GLOBALFOUNDRIES AMERICA, INC.,<br><br>   Defendants. | C. A. No. 12-1021-RGA<br><br>JURY TRIAL DEMANDED |

**ANSWER AND AFFIRMATIVE DEFENSES OF SEMCON TECH, LLC TO THE COUNTERCLAIMS OF GLOBALFOUNDRIES U.S., INC. AND <u>GLOBALFOUNDRIES AMERICAS, INC.</u>**

Plaintiff and Counterclaim Defendant Semcon Tech, LLC ("Semcon"), by and through its undersigned counsel, hereby sets forth its Answer and Affirmative Defenses to the Counterclaims of Defendants and Counterclaim Plaintiffs GlobalFoundries U.S., Inc. and GlobalFoundries Americas, Inc. (collectively, "GlobalFoundries"). Responding to the individually enumerated paragraphs of GlobalFoundries' Counterclaims (D.I. 11), Semcon states as follows:

<u>**COUNTERCLAIMS**</u>

1.   Admitted.

<u>**PARTIES**</u>

2.   Admitted.

3.   On information and belief, Semcon admits the allegations of Paragraph 3 of GlobalFoundries' Counterclaims.

1

## JURISDICTION AND VENUE

4. Semcon admits that this action arises under Title 35 of the United States Code. Semcon further admits that this Court has subject matter jurisdiction over civil actions for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Semcon further admits that, unless subject to statutory exception, this Court may declare the rights and other legal relations of any interested party seeking a declaration in a case of actual controversy within its jurisdiction, and may grant further necessary or proper relief, pursuant to 28 U.S.C. §§ 2201 and 2202.  Semcon denies all remaining allegations and inferences of Paragraph 4 of GlobalFoundries' Counterclaims.

5. Semcon admits that the Court has specific and general personal jurisdiction over Semcon in this judicial district for the purpose of this action.

6. Semcon admits that venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) for the purpose of this action.

7. Semcon admits that an actual, justiciable controversy exists between GlobalFoundries and Semcon regarding the infringement of U.S. Patent No. 7,156,717 ("the '717 patent").  Semcon further admits that it has asserted that GlobalFoundries has infringed and is infringing one or more claims of the '717 patent.  Semcon further admits that GlobalFoundries has asserted that it has not infringed and is not infringing any claims of the '717 patent and that GlobalFoundries has asserted that the claims of the '717 patent are invalid.  Semcon denies all remaining allegations and inferences of Paragraph 7 of GlobalFoundries' Counterclaims.

8. Semcon admits that an actual, justiciable controversy exists between GlobalFoundries and Semcon regarding the infringement of U.S. Patent No. 6,551,933 ("the '933 patent").  Semcon further admits that it has asserted that GlobalFoundries has infringed and

is infringing one or more claims of the '933 patent.  Semcon further admits that GlobalFoundries has asserted that it has not infringed and is not infringing any claims of the '933 patent and that GlobalFoundries has asserted that the claims of the '933 patent are invalid.  Semcon denies all remaining allegations and inferences of Paragraph 8 of GlobalFoundries' Counterclaims.

## COUNTERCLAIM I
### (Declaration of Invalidity and Noninfringement of U.S. Patent No. 7,156,717)

9.   Semcon repeats and reiterates its above responses to the allegations set forth in each paragraph of GlobalFoundries' Counterclaims, as if fully set forth herein.

10.   Denied.

11.   Denied

12.   Denied.

## COUNTERCLAIM I
### (Declaration of Invalidity and Noninfringement of U.S. Patent No. 6,551,933)

13.   Semcon repeats and reiterates its above responses to the allegations set forth in each paragraph of GlobalFoundries' Counterclaims, as if fully set forth herein.

14.   Denied.

15.   Denied.

16.   Denied.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that Semcon must necessarily plead any of the following as an affirmative defense or that Semcon necessarily bears the burden of proof or persuasion for any of the following, Semcon alleges the following affirmative defenses to GlobalFoundries' Counterclaims:

1. Each purported claim for relief in GlobalFoundries' Counterclaims is barred for failure to state a claim upon which relief can be granted.

2. The `717 patent is presumed valid under 35 U.S.C. § 282, and GlobalFoundries has not plead any facts, or presented any evidence, to rebut that presumption.

3. The `933 patent is presumed valid under 35 U.S.C. § 282, and GlobalFoundries has not plead any facts, or presented any evidence, to rebut that presumption.

4. GlobalFoundries' case is not exceptional, and GlobalFoundries is not entitled to its costs and attorneys' fees under 35 U.S.C. § 285.

5. Semcon reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity that may now exist or in the future be available based on discovery and further investigation in this case.

### DEMAND FOR JURY TRIAL

Semcon hereby demands a trial by jury on all issues so triable.

### REQUEST FOR RELIEF

**WHEREFORE,** Semcon respectfully requests that, in addition to the relief sought by Semcon, including as requested in Semcon's Complaint for Patent Infringement (D.I. 1), this Court enter a Judgment and Order in Semcon's favor against GlobalFoundries as follows:

A. Dismissing with prejudice GlobalFoundries' Counterclaims and all claims and requests for relief asserted in this case against Semcon;

B. Concluding that GlobalFoundries has infringed one or more claims of the `717 patent;

C. Concluding that GlobalFoundries has infringed one or more claims of the `933 patent;

    D.       Awarding Semcon pre- and post-judgment interest on its damages; and

    E.       Granting to Semcon such other and further relief as the Court may deem just, proper and equitable under the circumstances.

| | |
|---|---|
| Dated: October 10, 2012 | BAYARD, P.A. |
| OF COUNSEL: | /s/ *Vanessa R. Tiradentes* <br> Richard D. Kirk (rk0922) |
| Charles R. Bruton <br> Mark L. Hogge <br> Shailendra K. Maheshwari <br> Rajesh C. Noronha <br> SNR DENTON US LLP <br> 1301 K Street, NW <br> Suite 600, East Tower <br> Washington, DC  20005-3364 <br> charles.bruton@snrdenton.com <br> mark.hogge@snrdenton.com <br> shailendra.maheshwari@snrdenton.com <br> rajesh.noronha@snrdenton.com | Stephen B. Brauerman (sb4952) <br> Vanessa R. Tiradentes (vt5398) <br> 222 Delaware Avenue, Suite 900 <br> P.O. Box 25130 <br> Wilmington, DE 19899 <br> (302) 655-5000 <br> rkirk@bayardlaw.com <br> sbrauerman@bayardlaw.com <br> vtiradentes@bayardlaw.com <br><br> *Attorneys for Plaintiff Semcon Tech, LLC* |